J-S14031-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LIZMARIE PEREZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY J. SMITH | : | |
| | : | |
| Appellant | : | No. 1792 MDA 2025 |

Appeal from the Order Dated December 11, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2025-FC-000814-03

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

CONCURRING STATEMENT BY KUNSELMAN, J.:       **FILED: JUNE 4, 2026**

The Appellant in this case blatantly disregarded our Rules of Appellate procedure by filing an untimely brief that is more than twice the allotted size authorized under Appellate Rule 2135.  This Rule states that a principal brief shall not exceed 14,000 words.  Here, Appellant's brief, by his own admission, is more than 29,000 words.  (Appellant also failed to file a reproduced record or verify that all transcripts were received by this Court.)

Most of his issues claim that many documents in this case are void *ab initio* because they did not include allegations that he harmed his children and/or they were not signed by a judge. (Appellant's Brief at 18-35).   It appears Appellant expects everyone but him to strictly comply with the rule of law.   Before deciding this appeal, we should expect the same strict compliance from him.

Appellate Rule 2101 provides that if the defects in the brief are substantial, the appeal may be quashed or dismissed. Because the defects in Appellant's brief are substantial, I would dismiss this appeal. Therefore, I concur with the result reached by the majority to affirm the decision of the trial court.[1]

_____

[1] Moreover, I find Appellants allegations that the trial court lacked subject matter jurisdiction without merit. Article V § 5 of the Pennsylvania Constitution grants the courts of common pleas original jurisdiction in all cases except as otherwise provided by law. The Pennsylvania Legislature has granted the courts the ability to decide child custody cases, under the Child Custody Act, 23 Pa. C.S.A. §§ 5321-5340, and the Unform Child Custody Jurisdiction and Enforcement Act, 23 Pa. C.S.A. §§ 5401-5482. The record indicates that the children and both parties reside in Pennsylvania, so it appears the Commonwealth is the home state under the UCCJEA. *Id.* at §5421. Father has not objected to Pennsylvania being the home state. Therefore, I believe the trial court was authorized to decide the custody matter between these parents. Contrary to Father's position, neither the 14th Amendment of the Constitution of the United States nor our custody statutes require a showing of harm by a parent before the trial court can proceed to decide a custody dispute.